UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY M. ROBERTS,<br><br>Petitioner,<br><br>vs.<br><br>J.W. COX, in his capacity as Warden of Yankton Federal Prison Camp,<br><br>Respondent. | 4:20-CV-04187-KES<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND ORDERING RESPONDENT TO RESPOND TO THE MERITS OF PETITIONER'S PETITION |

Petitioner, Timothy M. Roberts, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order.

Respondent moves to dismiss Roberts's petition for his alleged failure to exhaust administrative remedies. Docket 14. The Magistrate Judge entered a report and recommendation (Docket 19) recommending Roberts's petition be dismissed without prejudice to allow him to exhaust his administrative remedies. Docket 19 at 6. Roberts timely filed his objections. Docket 21. Additionally, on March 16, 2021, the Central Office of the Bureau of Prisons (BOP) officially denied Roberts's request for redemption of his earned time credits. Docket 27-1 at 11.

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). Generally, only after a prisoner exhausts the administrative remedies with the Bureau of Prisons may a prisoner seek judicial review of sentencing credit determinations. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). Once the BOP's Central Office has rendered a decision on a BP-11 appeal, the administrative process is fully exhausted. *See* 28 C.F.R. §§ 542.14-542.15 (2021).

The Magistrate Judge stated that "[t]his case presents a number of factual disputes best served by creating a complete administrative record. That can only be done if Mr. Roberts is required to finish out the administrative exhaustion process. The court concludes he should be required to do so." Docket 19 at 6. The Magistrate Judge also recommended that Roberts's motion for an extension (Docket 13) be denied as moot. *Id.* Shortly before the

Magistrate Judge issued the report and recommendation, Roberts received the response to his BP-10 appeal. Docket 12-1 at 3. The BOP's Central Office officially denied his BP-11 appeal on March 16, 2021. Docket 27-1 at 11. When the Magistrate Judge issued the report and recommendation, Roberts had not exhausted his administrative remedies. He has now done so. As a result, the court adopts in part the report and recommendation and denies as moot Roberts's motion for an extension. This court does not, however, adopt the portion of the report and recommendation that recommends dismissal of his petition. Respondent must respond to Roberts's claims on the merits within **21 days** of the entry of this order.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 14) is denied.

2. That the Magistrate Judge's report and recommendation (Docket 19) is adopted in part and denied in part. This court adopts the recommendation that Roberts's motion for an extension (Docket 13) be denied as moot and refuses to adopt the recommendation that Roberts's petition be dismissed.

3. That Roberts's objections (Docket 21) are overruled.

4. That respondent must respond to the merits of Roberts's petition **within 21 days** of the entry of this order. The Magistrate Judge will address the merits of Roberts's claims.

Dated May 11, 2021

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE