UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY MUNRO ROBERTS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>J.W. COX, in his capacity as warden of Yankton Federal Prison Camp,<br><br>　　　　　　Respondent. | 4:20-CV-04187-KES<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE |

　　　Petitioner, Timothy Munro Roberts, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Roberts seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 2. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order.

　　　Respondents moved to dismiss Roberts's petition for lack of subject-matter jurisdiction and for failure to state a claim. Docket 36. The Magistrate Judge entered a report and recommendation recommending Roberts's petition be dismissed without prejudice for lack of ripeness. Docket 54 at 5-7. Roberts objected to the report and recommendation. Docket 55. This court requested additional briefing from respondent on the Bureau of Prison's (BOP) time credit calculation policy regarding First Step Act time credits for Apprenticeship Training programs. Docket 56 at 5. At that time, the BOP was implementing the time credits provisions of the First Step Act under the proposed rule put

forth by the Department of Justice (DOJ) on November 25, 2020. *See* FSA Time Credits, 85 Fed. Reg. 75268-01 (Nov. 25, 2020).

Since this court issued its order requesting additional briefing, the DOJ announced and published the final rule on implementation of the First Step Act, which varies significantly from the proposed rule in the calculation of time credits. *See* FSA Time Credits, 87 Fed. Reg. 2705 (Jan. 19, 2022). Under the final rule, Roberts had enough time credits to earn an immediate referral to a residential reentry center. *See* Docket 61. Roberts was transferred to the Dismas House Residential Reentry Center in St. Louis, Missouri, on February 3, 2022. *See* Docket 63 at 1. Because he had not yet successfully completed the community treatment phase of RDAP, the BOP required him to spend at least 120 days in a residential reentry center in order to do so and receive the early release RDAP incentive under 18 U.S.C. § 3621(e)(2)(B). *See id.* Thus, Roberts's projected release date is now June 2, 2022. *Id.* at 1-2.

Before being transferred to Dismas House but following the publishing of the final rule on implementation of the First Step Act, Roberts moved for immediate release, arguing that he was being held past his imposed sentence. Docket 60. Even after being transferred to Dismas House, Roberts maintains that he is owed either immediate release or being placed on supervised release to be allowed to complete RDAP from home. Docket 72 at 14. He argues that he is owed more time credits than he has been credited under the final rule. *See id.* He also argues that inmates at Dismas House who were in the middle of the community treatment phase of RDAP when the final rule was published were

2

released and either allowed to complete treatment remotely or were not required to complete treatment. *Id.* at 2, 6. He claims that this is a violation of his equal protection rights because he is receiving different treatment than those inmates. *Id.* at 2. Last, he argues that he was awarded the year reduction on his sentence by the BOP for successful completion of RDAP when he started the program, with the condition that he complete it. *Id.* at 12.

Respondent argues that Roberts's habeas petition is now moot and that the issues for which he seeks judicial review in his motion for immediate release are "non-reviewable because the BOP has the statutory discretion to decide where to house inmates and when to grant early release[.]" Docket 70 at 1. Respondent argues that the BOP has discretion to determine whether inmates who redeem time credits under the First Step Act are granted supervised release or are transferred to home confinement or a residential reentry center. *Id.* at 2. Respondent further argues that the one-year sentence reduction requires successful completion of all phases of RDAP, including the community treatment phase. *Id.* Although other inmates were treated differently, Respondent argues that those inmates were outside of a BOP institution at the time the final rule was implemented. *Id.*

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. *See* 18 U.S.C. § 3625; *see also Martin v. Gerlinski,* 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). Here, Roberts has

3

raised challenges to both respondent's rulemaking decisions and respondent's adjudicative decisions in this case. Specifically, his arguments regarding his placement, his eligibility for the one-year reduction under RDAP, and his equal protection rights are challenges to the BOP's rulemaking decisions because he argues that the BOP does not have the discretion to make the decisions that it has made. But his argument regarding the BOP's calculation of his time credits is a challenge to the BOP's adjudicative decisions in this case, which are not subject to judicial review.

The First Step Act grants discretion to the BOP to determine placement of inmates who have earned enough time credits to receive a sentence reduction. 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in *prerelease custody or supervised release*." (emphasis added)). Prerelease custody includes home confinement or placement at a residential reentry center. 18 U.S.C. § 3624(g)(2). Further, the BOP cannot grant an inmate more than twelve months of supervised release as a sentence reduction for earned time credits under the First Step Act. 18 U.S.C § 3624(g)(3). Thus, other than the twelve-month limit on supervised release, the BOP has the discretion to place inmates who are eligible for sentence reductions because of time credits under the First Step Act.

The one-year sentence reduction for successful completion of RDAP is also at the discretion of the BOP. 18 U.S.C. § 3621(e)(2)(B) ("The period a

prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (emphasis added)). Further, the BOP has defined successful completion as completing all three components of RDAP, including the community treatment phase. 28 C.F.R. § 550.53(a). 18 U.S.C. § 3621(e) is silent on the definition of successful completion. "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984). When this is the case, agency regulations "are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844. Thus, the BOP has not exceeded its authority in defining successful completion because its requirement that prisoners complete all three components is not arbitrary, capricious, or manifestly contrary to the statute.

    Roberts's equal protection rights are not violated by the BOP's exercise of its discretion. The Fifth Amendment due process clause governs equal protection claims against the United States, and the United States Supreme Court has explained that an equal protection analysis is "precisely the same" under the Fifth and Fourteenth Amendments. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975). The equal protection clause of the Fourteenth Amendment is "a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Roberts alleges that he is being treated differently than inmates who were housed at residential reentry centers at the time that the final rule was implemented. *See* Docket 72 at 2. But Roberts, as an inmate not housed at a residential reentry center when the final rule was implemented, is not similarly situated to those inmates who were housed at a residential reentry center at that time. There is no equal protection violation when the government treats differently situated persons differently.

Determining the placement of inmates is within the BOP's discretion, including inmates who have received reduced sentences under the earned time credit provisions of the First Step Act and inmates who are participating in or have completed RDAP. The BOP has fairly exercised its discretion in its rulemaking regarding inmate placements, and Roberts's equal protection rights have not been violated. Roberts's initial habeas petition is now moot because he has received a reduced sentence under the earned time credit provisions of the First Step Act, and his motion for immediate release is denied.

Thus, it is ORDERED:

1. That Roberts's petition for writ of habeas corpus (Docket 1) is denied as moot.
2. That respondent's motion to dismiss for lack of jurisdiction and for failure to state a claim (Docket 36) is denied as moot.
3. That the Magistrate Judge's report and recommendation (Docket 54) is not adopted because it is moot.

4. That Roberts's objection to the Magistrate Judge's report and recommendation (Docket 55) is denied as moot.

5. That Roberts's miscellaneous motions regarding his petition for writ of habeas corpus (Dockets 43, 44, 47, 52, 53) are denied as moot.

6. That Roberts's motion for immediate release (Docket 60) is denied.

7. That Roberts's motion to electronically file documents (Docket 73) is granted.

Dated March 11, 2022.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE