UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY MUNRO ROBERTS,<br><br>    Petitioner,<br><br>vs.<br><br>J.W. COX, in his capacity as warden of Yankton Federal Prison Camp,<br><br>    Respondent. | 4:20-CV-04187-KES<br><br>ORDER REQUIRING BRIEF |

    Petitioner, Timothy Munro Roberts, brought this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Roberts sought immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 2. Roberts was released to prerelease custody at the Dismas House Residential Reentry Center in St. Louis, Missouri, on February 3, 2022, after the BOP published its final rule on the implementation of the First Step Act. *See* Docket 63 at 1. Roberts then argued that he should either be immediately released or placed on supervised release to be allowed to complete RDAP from home. Docket 72 at 13-14. This court found that the BOP's decision to require Roberts to complete RDAP while in prerelease custody was not an abuse of the discretion afforded to the BOP by the First Step Act and denied Roberts's petition as moot. Docket 75 at 4-6. Roberts was placed on supervised release on June 3, 2022. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 8, 2022).

> Under 18 U.S.C. § 3624(d)(4)(C),
>
> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

In its earlier order, this court interpreted § 3624(d)(4)(C) to allow the BOP discretion to place a prisoner who has earned time credits equal to or greater than his or her remaining sentence in either prerelease custody or supervised release. *See* Docket 75 at 4, 6.

Roberts now asks this court to reopen his case based on the Eastern District of Tennessee's recent ruling in *Dyer v. Fulgam*. Docket 85 (citing *Dyer v. Fulgam*, 2022 WL 1598249 (E.D. Tenn. May 20, 2022). In *Dyer*, the court found that the petitioner accumulated 540 days of earned time credits under the First Step Act while incarcerated and was placed on supervised release 51 days earlier than his release date through the application of his time credits, leaving 489 days of earned time credits "unused." *Id.* at *2. The *Dyer* court interpreted § 3624(d)(4)(C)'s mandate that time credits "be applied toward time in . . . supervised release" to require a reduction of the petitioner's time spent in supervised release and granted the petitioner a 489-day reduction in his term of supervised release. *Id.* at *3 (omission in original) (quoting § 3624(d)(4)(C)).

The court requests that respondent submit a brief explaining the BOP's position on the argument put forth by Roberts regarding § 3624(d)(4)(C) and

2

the Eastern District of Tennessee's ruling in *Dyer*. The court will address Roberts's motion after respondent has submitted a brief and Roberts has had a chance to respond.

Thus, it is ORDERED:

1. That respondent will submit a brief explaining the BOP's position on the application earned time credits to reduce a petitioner's time spent in supervised release under § 3624(d)(4)(C) by **August 1, 2022**. Roberts will have 21 days to submit a response to respondent's brief.

Dated July 11, 2022.

                    BY THE COURT:

                    /s/ *Karen E. Schreier*
                    KAREN E. SCHREIER
                    UNITED STATES DISTRICT JUDGE